UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STACIE DORMEYER,                                    CASE NO.:

      Plaintiff,

vs.

ARMOR CORRECTIONAL
HEALTH SERVICES, INC.

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, STACIE DORMEYER states and alleges as follows:

## JURISDICTION AS TO ALL COUNTS

1.   This action arises under the provisions of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e. et. seq., the Americans with Disabilities Act, 42 U.S.C. 121010 et seq., and the Federal Age Discrimination in Employment Act, 29 U.S.C. section 61 et seq.

2.   At all times alleged hereto Plaintiff, Staciwe Dormeyer was a resident of the State of Florida.

3.   Plaintiff, Stacie Dormeyer, a female, is an individual whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

4.   Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC. is a corporation incorporated pursuant to the laws of the State of Florida.

5.   Any and all allegations alleged hereto occurred at the Volusia County Brach Jail, located

at 1300 Red John Road, Daytona Beach, FL.

6.     At all times mentioned hereto, Defendant was an employer as defined pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 (e) et seq., the Americans with Disabilities Act, 42 U.S.C. section 12101 et seq. and the Federal Age Discrimination in Employment Act, 29 U.S.C. section 621 et seq.

7.     Prior to filing this action, on or about July 12, 2018, the Plaintiff filed charges of sex discrimination, disability discrimination, and age discrimination, with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. '2000(e).

8.     A Notice of Right to Sue was issued by the Federal Equal Employment Opportunity Commission on or about May 4, 2021.

9.     Plaintiff has filed his action within 90 days of receipt of the Right to Sue and exhausted all administrative remedies prior to filing this action. See attached exhibit "A".

## COUNT I RETALIATION

10.    Plaintiff, Stacie Dormeyer was previously employed by the Defendant, Armor Correctional Health Services, Inc. from on or about 2015 until the date of Plaintiff's termination of on or about July 3, 208.

11.    At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of charge nurse.

12.    Prior to Plaintiff's termination from employment, one of Plaintiff's employees make sexual comments regarding Plaintiff in the workplace.

13.    Plaintiff notified Defendant that Plaintiff wished to file a formal complaint against that employee regarding those statements.

14.    Defendant subsequently terminated Plaintiff from employment with reasons given that issues raised by the Plaintiff in the workplace were unfounded.

15.    Defendant's reasons for terminating Plaintiff were false. .

16.    Plaintiff was terminated from employment based upon Plaintiff's sex and in retaliation for Plaintiff raising issues of sexual statements being made regarding Plaintiff in the workplace.

17.    Plaintiff's termination was in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

18.    Plaintiff's termination from employment was willful and intentional.

19.    At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

20.    As a result of Plaintiff's termination, Plaintiff has suffered lost wages, the loss of benefits that had accrued and would have accrued had Plaintiff remained employed by the Defendant and has suffered mental anguish. Plaintiff will suffer these losses in the future.

21.    Plaintiff has retained undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

WHEREFORE Plaintiff demands judgment for the following:

a.    That the Court award Plaintiff sums for unpaid back wages and the value of lost past and future benefits.

b.    That the Court award Plaintiff damages for mental anguish and humiliation.

c.    That the Court award punitive damages.

3

d.  That the Court award reasonable attorney's fees pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

e.  That the Court award such other and further relief as may be just and equitable in the circumstances.

f.  Trial by jury

## COUNT II VIOLATION OF THE AMERICANS WITH
## DISABILITY ACT.

22.  Plaintiff, Stacie Dormeyer was previously employed by the Defendant, Armor Correctional Health Services, Inc. from on or about 2015 until the date of Plaintiff's termination of on or about July 3, 2018.

23.  At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of charge nurse.

24.  Prior to Plaintiff's termination from employment, Defendant demanded that Plaintiff submit to a drug test based upon what the Defendant contended was reasonable suspicion alleging that various emails which the Plaintiff had forwarded to the Defendant in the workplace were "erratic".

25.  Plaintiff subsequently complied with the Defendant's request. The drug test was negative.

26.  Plaintiff was subsequently terminated from employment with reasons given by the Defendant that various issues raised by the Plaintiff in the workplace ran unfounded.

27.  Defendant's reasons for terminating Plaintiff were false.

28.  Plaintiff's termination was based upon a perceived disability, that being that Defendant's perceived that Plaintiff had a substance abuse issue in violation of the Americans with

Disabilities Act, 42 U.S.C. section 12101 et seq.

29.     Plaintiff's termination from employment was willful and intentional.

30.     At all times alleged hereto, performed Plaintiff's job duties for Defendant in a successful and satisfactory manner.

31.     As a result of his termination of employment, Plaintiff has suffered loss of wages which Plaintiff would have earned had Plaintiff remained employed by the Defendant, loss of benefits which would have accrued had Plaintiff remained employed by the Defendant. Plaintiff will suffer loss of benefits in the future. Plaintiff has additionally suffered mental anguish and humiliation,

32.     Plaintiff has retained undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

WHEREFORE Plaintiff demands judgment for the following:

a.     That the Court award Plaintiff sums for unpaid back wages, and the value of lost past and future benefits.

b)     That the Court award Plaintiff damages for mental anguish and humiliation.

c)     That the Court award punitive damages

d)     That the Court award reasonable attorney's fees pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

e)     That the Court award such other and further relief as may be just and equitable in the circumstances.

g.     Trial by jury.

## COUNT II-AGE DISCRIMATION IN EMPLOYMENT ACT

33.   Plaintiff, Stacie Dormeyer was previously employed by the Defendant, Armor Correctional Health Services, Inc. from on or about 2015 until the date of Plaintiff's termination of on or about July 3, 2018.

34.   At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of charge nurse for Defendant's business providing health care to various state inmates. s.

35.   Prior to Plaintiff's termination from employment, on or about November 2017, Plaintiff informed Defendant of Plaintiff's intent to seek promotion with the Defendant to one of 2 employment openings with the Defendant, those being the positions of director of nursing and assistant director of nursing.

36.   Based upon Plaintiff's education and experience, Plaintiff was qualified for those positions.

37.   In applying those positions, Plaintiff followed Defendant's procedures in submitting a resume.

38.   Defendant subsequently hired individuals for those positions who are less qualified than Plaintiff.

39.   The individuals hired by Defendant were considerably younger than the Plaintiff.

40.   In hiring those individuals, Defendant did not follow the normal and usual hiring procedures.

41.   Plaintiff's date of birth is July 1, 1970.

42.   At the time the Plaintiff applied for those positions, and the Defendant hired those individuals, Plaintiff was an individual whose status was protected pursuant to the Federal Age Discrimination in Employment Act, 29 U.S.C. section 621 et seq.

43.   Plaintiff was not hired based upon Plaintiff's age in violation of the Age Discrimination in

Employment Act 29 U.S.C. section 621 seq.

44. Defendant's failure to hire the Plaintiff was willful and intentional.

45. As a result, Plaintiff suffered the loss of additional wages Plaintiff would have earned had Plaintiff been hired for those positions, as well as additional benefits which would have accrued had Plaintiff been hired for the position.

46. Plaintiff has retained undersigned counsel to represent Plaintiff in this matter and agreed to pay counsel a reasonable fee.

WHEREFORE Plaintiff demands judgment for the following:

h. That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost past and future benefits.

i. That the Court award liquidated damages.

j. That the Court award reasonable attorney's fees pursuant to the Federal Age Discrimination in Employment Act 29 U.S.C. section 621 et seq.

k. The Court award such other relief as may be just and equitable in the circumstances.

J. Trial by jury.

Respectfully submitted August 6, 2021

*/s/ David W. Glasser*
DAVID W. GLASSER, ESQUIRE
Fla. Bar No. 780022
118 Orange Avenue
Daytona Beach, FL 32114
Telephone: (386) 252-0175
Facsimile: (386) 257-0246
Email: David@dglasserlaw.com
legal@dglasserlaw.com
Attorney for Plaintiff